In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1953

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAUL KINCAID,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:06-CR-30073-JES-BCG-1—**Jeanne E. Scott**, *Judge.*

ARGUED JANUARY 7, 2009—DECIDED JULY 6, 2009

Before POSNER, RIPPLE and ROVNER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* After a bench trial, Paul Kincaid was convicted of one count of producing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to 360 months' imprisonment. Mr. Kincaid now appeals his conviction. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

**I**

**BACKGROUND**

**A. Facts**

In August 2006, police in Litchfield, Illinois, began investigating Mr. Kincaid for possible possession and production of child pornography.[1] With the cooperation of a woman who previously had been photographed by Mr. Kincaid, police were able to discover the identity of one of Mr. Kincaid's victims. During an interview, this young man informed law enforcement officials that, when he was twelve years old, Mr. Kincaid had promised "to give him money if he would do 'something' for him [Kincaid]." R.31 at 3. The young man agreed, and, on several occasions, Mr. Kincaid took sexually explicit pictures of him and also engaged him in sexual activity.

Based on this interview, and other information obtained from cooperating witnesses, the authorities secured a warrant to search Mr. Kincaid's residence, which was executed on September 6, 2006. When presented with the warrant, Mr. Kincaid agreed to speak with the officers and accompanied them to the Litchfield Municipal Center, where Mr. Kincaid was interviewed.

During the interview, Mr. Kincaid explained "that he was a homosexual and that members of the community, especially minor children, would often approach him to

---

[1] The facts, as recounted in this section, are taken from the stipulations submitted to the court by the parties.

discuss sexual matters." *Id.* at 9. Mr. Kincaid also informed the officers that, "during these conversations, minor males would occasionally ask him for oral sex and . . . he would comply with those requests." *Id.*

Mr. Kincaid informed the interviewing officers that "he had taken and preserved pictures of minor males naked and while engaged in sex acts." *Id.* Mr. Kincaid agreed to accompany officers to his residence to locate these pictures. Mr. Kincaid explained that he had created child pornography and engaged in sexual contact with minors over a five-decade period. Mr. Kincaid specifically admitted: (1) to maintaining a long-term sexual relationship with one minor male that began when the minor was fourteen, (2) to engaging in oral sex with another minor male on approximately ten occasions and (3) to paying another minor male five dollars in exchange for showing Mr. Kincaid his genitals. Mr. Kincaid further admitted to having "a problem with teenage addiction—an obsessive attraction to boys 13-18." *Id.* at 10 (internal quotation marks omitted).

The search of Mr. Kincaid's home, conducted with his cooperation, "resulted in the recovery of hundreds of images of child pornography." *Id.* at 11-12. All of these images were taken using Polaroid camera equipment. Follow-up research revealed that the Polaroid camera, which Mr. Kincaid had used for the last eight years, was manufactured in China. Furthermore, at least some of the film that Mr. Kincaid used to photograph his victims was manufactured in the Netherlands.

## B. District Court Proceedings

On October 4, 2006, a grand jury charged Mr. Kincaid in a two-count indictment with the production of child pornography in violation of 18 U.S.C. § 2251(a)[2] and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[3] The indictment charged

---

[2]  18 U.S.C. § 2251(a) provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting inter-state or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

[3]  18 U.S.C. § 2252A(a) provides in relevant part:

(continued...)

that Mr. Kincaid produced the pornographic photographs:

> knowing or having reason to know that such visual depictions would be transported in interstate and foreign commerce and mailed, *and* said visual depictions having been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, *and* said visual depictions having actually been transported in interstate and foreign commerce and mailed.

R.11 (emphasis added). Count Two alleged that Mr. Kincaid possessed pornographic materials,

> which had been mailed and shipped and transported in interstate and foreign commerce, including by computer, *and* that were produced using materials

---

[3] (...continued)

> (a) Any person who— . . .
>
>> (5) either— . . .
>>
>> (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; . . .
>
> shall be punished as provided in subsection (b).

that had been mailed and shipped and transported in interstate and foreign commerce, including by computer.

*Id.* (emphasis added).

After his arraignment, Mr. Kincaid filed several pretrial motions including a motion to dismiss the indictment for failure to establish "the jurisdictional element," i.e., a sufficient connection to interstate commerce to confer federal jurisdiction under the Commerce Clause. *See* R.24 at 1. Mr. Kincaid's motion claimed that the only apparent basis for federal jurisdiction was "the fact that a single Polaroid camera recovered from the Defendant, and alleged to have been employed by the Defendant to create visual depictions for his own arousal, was produced in China." R.24 at 4. Mr. Kincaid maintained that for this camera "to constitute the sole crux for the federalization of the crimes charged call[ed] into question fundamental principles of Federalism and Comity, and constitut[ed] such an attenuated nexus with interstate commerce that would likely leave . . . [the] Founding Fathers ill at ease, to say the least." *Id.* at 5.

Subsequently, Mr. Kincaid and the Government entered plea negotiations. At a hearing on June 27, 2007, Mr. Kincaid waived his right to a jury trial, and the parties agreed to a bench trial on the stipulated facts detailed above. Mr. Kincaid's Waiver of Jury Trial and Stipulations for Bench Trial included the following statement:

2. As stated in open court, it is the intent of the parties that the defendant desires to waive his right

to a trial by jury and proceed to a bench trial on *only two issues*. The first issue, relevant to Count One, is whether the child pornography produced by the defendant was produced using material that had been mailed, shipped, or transported in interstate or foreign commerce by any means. The second issue, relevant to Count Two, is whether the child pornography knowingly possessed by the defendant was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means.

R.31 at 1-2 (emphasis added). During the hearing, the court confirmed that Mr. Kincaid was "reserving as set forth in the stipulation only two issues." Transcript of June 27, 2007 Hearing at 18. The court further confirmed that Mr. Kincaid understood the import of the stipulations and that he had agreed to the stipulations knowingly and voluntarily. *See id.* at 18-20.

Before the close of the hearing, Mr. Kincaid's counsel asked to withdraw all pending motions including the motion to dismiss on jurisdictional grounds. *Id.* at 25. The district court then engaged in the following colloquy with Mr. Kincaid:

> THE COURT:  All right. Mr. Kincaid, do you understand that the motions your attorneys filed previously are being withdrawn, so they won't be ruled upon because you've reached this stipulation?
>
> MR. KINCAID:  Yes, Your Honor.

THE COURT:      You understand that?

MR. KINCAID:  Yes, Your Honor.

THE COURT:      And is that agreeable with you?

MR. KINCAID:  Yes, Your Honor.

THE COURT:      Okay.  All pending motions are withdrawn. . . .

*Id.*

Based on the parties' stipulations, the court found Mr. Kincaid guilty on both counts of the indictment and subsequently sentenced him to 360 months' imprisonment. Mr. Kincaid timely appealed.


## II

## ANALYSIS

On appeal, Mr. Kincaid challenges two aspects of his conviction. First, he raises a constitutional challenge to his convictions, namely that his crimes bear an insufficient nexus to interstate commerce to support federal jurisdiction under the Commerce Clause. Second, he maintains that the indictment did not apprise him adequately of the allegations against him.


### A.  Interstate Commerce Challenge

Before we address the merits of Mr. Kincaid's Commerce Clause challenge, we first must consider the Government's argument that this challenge has been waived.

Mr. Kincaid maintains, however, that the constitutional issue is "jurisdictional," and, therefore, not subject to waiver. We disagree.

**1.**

At one time, there was support in our case law for the proposition that a challenge to a statute on Commerce Clause grounds, such as the one made by Mr. Kincaid here, should be characterized as a challenge to the court's jurisdiction. In *United States v. Stillwell*, 900 F.2d 1104 (7th Cir. 1990), the defendants challenged their convictions under the federal arson statute, 18 U.S.C. § 844(i), on several grounds, including that: (1) "their convictions should be reversed because [a] private residence did not satisfy the arson statute's requirement that the building subject to the arson be 'used in [an] . . . activity affecting interstate . . . commerce,'" and (2) "if Congress did intend the federal arson statute to reach a private residence such as Stillwell's, then Congress exceeded its power under the commerce clause." *Id.* at 1106. The Government claimed that the second argument had been waived for failure to raise the issue in the district court. We disagreed and explained accordingly:

> While we agree that defendants did not raise this issue at the district court level, defendants may raise this issue on appeal because it is jurisdictional. If the application of § 844(i) to defendants exceeds Congress' power under the commerce clause, the district court could not exercise jurisdiction over the subject-matter contained in Count One . . . . Lack of subject-matter

jurisdiction, whether through statutory interpreta-
tion or constitutional prescription, is never waived.

*Id.* at 1110 n.2.

However, we revisited *Stillwell* a few years later in
*United States v. Martin*, 147 F.3d 529 (7th Cir. 1998). In
*Martin*, which involved a similar interstate commerce
question, we "acknowledge[d] that the language in foot-
note 2 of *Stillwell* is mistaken." *Id.* at 532. We explained:

> In *Stillwell*, the defendants had stipulated to certain
> facts regarding the house's connections to interstate
> commerce, but argued on appeal that the connec-
> tions to which they had stipulated did not satisfy the
> interstate commerce element of the statute. The defen-
> dants in *Stillwell*, then, essentially argued that the
> indictment failed to state an offense. This argument
> was not presented to the district court but the defen-
> dants claimed that it might be raised for the first time
> on appeal. Today we explain by way of clarification
> that review by this court for plain error was appropri-
> ate in that case despite the defendants' failure to
> raise the argument on appeal. *See* Fed. R. Crim. P.
> 52(b); *see also United States v. Quintanilla*, 2 F.3d 1469,
> 1476-77 (7th Cir. 1993). *A challenge to the indictment
> based on the adequacy of the interstate commerce stipula-
> tion had no relation to subject matter jurisdiction—the
> power to adjudicate—but instead went only to an alleged
> failure of proof. See Bell v. Hood*, 327 U.S. 678, 680 (1946);
> *see also Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312,
> 1316-17 (7th Cir. 1997) ("Jurisdiction under the fed-
> eral question statute is not defeated by the possibility

that the averments, upon close examination, might be determined not to state a cause of action.").

*Id.* (emphasis added; parallel citations omitted). Recently, in *United States v. Lacey*, No. 08-2515, 2009 WL 1635382 (7th Cir. June 12, 2009), we affirmed the vitality of our decision in *Martin*:

> [C]ontrary to Lacey's contention, his attack on the evidence supporting the jurisdictional element of his § 2252A(a)(5)(B) conviction is not that type of jurisdictional challenge. A "jurisdictional element" is simply an element of a federal crime. It is jurisdictional "only in the shorthand sense that without that [interstate commerce] nexus, there can be no federal crime. . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231." *United States v. Martin*, 147 F.3d 529, 532 (7th Cir. 1998) (internal citation omitted).

*Lacey*, 2009 WL 1635382, at *3. *See generally Wisconsin Valley Improvement Co. v. United States*, No. 08-4300, slip op. at 4-5 (7th Cir. June 22, 2009) (discussing the misuse of the term "jurisdictional" to describe any mandatory rule).

Following our decisions in *Martin* and *Lacey*, therefore, Mr. Kincaid's claim that his crime bears an insufficient nexus to interstate commerce is not a "jurisdictional" one. Because it is not "jurisdictional" in nature, it may be waived.

**2.**

Having determined that the issue of the interstate nexus is not jurisdictional, we must turn to the question whether Mr. Kincaid, in fact, waived this argument before the district court.

The Supreme Court has explained, and we have echoed on numerous occasions, that "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *accord United States v. Cooper*, 243 F.3d 411, 415 (7th Cir. 2001). Thus, we have held that a defendant waived his right to challenge a sentencing calculation by initially objecting to the calculation, but later withdrawing the objection. *See United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004). Similarly, in *Cooper*, we held that a defendant had waived his right to challenge the admissibility of the evidence when defense counsel withdrew a motion in limine, stated he did not have any objection to the admission of the evidence and referred to the evidence during the course of trial. *See Cooper*, 243 F.3d at 416.

The Fifth Circuit has held, under circumstances strikingly similar to those presented here, that a withdrawal of a motion challenging the sufficiency of an indictment constitutes a waiver. In *United States v. Davis*, 306 F. App'x 102 (5th Cir. 2009), a defendant convicted of attempted production of child pornography under 18 U.S.C. § 2251(a) appealed his conviction. While in the district court, the

defendant had filed a motion to dismiss the indictment; specifically, the motion challenged the court's "lack of jurisdiction because 18 U.S.C. § 2251(a) is unconstitutional under the Commerce Clause." *Id.* at 104. On the first day of trial, defense counsel advised the district court that the parties had entered a stipulation regarding the interstate commerce aspect of the offense and that the defendant was withdrawing his motion to dismiss. However, on appeal, the defendant attempted to challenge the district court's denial of the motion. The Fifth Circuit held that the issue had been waived: "Because Davis raised this issue in the district court and subsequently withdrew the motion raising the issue, Davis waived this issue, and it is unreviewable." *Id.*

In the present case, the argument for waiver is even more compelling. In the "Waiver of Jury Trial and Stipulations for Bench Trial" that Mr. Kincaid filed with the district court, he clearly indicated that there were only two issues left for the court's consideration—whether the means of producing the child pornography in both Count One and Count Two of the indictment had traveled in interstate commerce. Furthermore, during the June 27, 2008 hearing, both Mr. Kincaid and his counsel confirmed to the court that these were the only issues for the court's consideration. Finally, Mr. Kincaid's counsel explicitly withdrew his constitutional challenge to the indictment, and Mr. Kincaid stated in court that he both agreed with, and understood the ramifications of, counsel's withdrawal of the motion. All of these actions establish that Mr. Kincaid was aware that he could challenge the constitutionality of the indictment on Com-

merce Clause grounds and that he made a conscious decision not to press that argument. Because Mr. Kincaid intentionally relinquished this known right, he has waived his right to challenge the constitutionality of the indictment in this court.[4]

## B. Sufficiency of the Indictment

Mr. Kincaid next submits that the indictment was defective. Mr. Kincaid's argument focuses on the fact that, with respect to the interstate commerce element of the offense, the statutes are worded in the disjunctive, but the counts of the indictment are worded in the conjunctive. For example, an individual violates 18 U.S.C. § 2251(a) if the individual has produced child pornography and if one of the following interstate commerce connections are proven: (1) "such person knows . . . that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . or mailed," (2) the "visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign com-

---

[4] Mr. Kincaid responds that, regardless of his or his counsel's actions before the court, the district court addressed the constitutional issue, and, therefore, this court also may resolve the issue. Although the district court did determine that the factual requisites for violations of the statutes had been shown by the stipulated facts, nowhere in its opinion did the district court raise, address or resolve the constitutional complaint that Mr. Kincaid now lodges.

merce by any means, including by computer," *or* (3) "such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." 18 U.S.C. § 2251(a). By contrast, Count One of the indictment charged the interstate commerce elements in the conjunctive:

On or about September 2004, . . .

PAUL KINCAID

knowingly employed, used, persuaded, induced, enticed and coerced a person under the age of eighteen years, to engage in sexually explicit conduct . . . for the purpose of producing visual depictions of such conduct, knowing or having reason to know that such visual depictions would be transported in interstate and foreign commerce and mailed, *and* said visual depictions having been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, *and* said visual depictions having actually been transported in interstate and foreign commerce and mailed.

All in violation of title 18 United States Code, Section 2251(a).

R.11 at 1 (emphasis added).[5] According to Mr. Kincaid, the phrasing of the indictment lulled him into believing that

---

[5] Similarly, the language of Count Two is set forth in the conjunctive, but the statute that is the basis for the indictment, 18 U.S.C. § 2252A(a)(5)(B), is set forth in the disjunctive.

the Government could not convict him of the charged offense unless it proved all three of the interstate commerce elements. He claims that, "[b]ecause of these flaws in the indictment, [he] was not put on notice of the crimes charged and was prejudiced in preparing his defense." Appellant's Br. 21.

Mr. Kincaid's argument is without merit. "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *United States v. Turner*, 396 U.S. 398, 420 (1970). We consistently have applied *Turner* in this circuit and have rejected claims of error based on the use of the conjunctive in charging documents. *See United States v. Cox*, 536 F.3d 723, 726-27 (7th Cir. 2008) ("We have held that 'where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count.'" (internal citations omitted)), *cert. denied*, 129 S. Ct. 770 (2008); *United States v. Moore*, 363 F.3d 631, 640 (7th Cir. 2004), *vacated on other grounds sub nom. Young & Jackson v. United States*, 543 U.S. 1100 (2005); *United States v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994). The same is true in other circuits. *See Cox*, 536 F.3d at 727 (collecting cases).

Mr. Kincaid acknowledges the holdings of *Turner* and *Cox*, but argues that "neither case precludes the court from conducting an analysis of whether or not a defendant is actually prejudiced by a variance between the indictment and the statute." Reply Br. 3. Mr. Kincaid claims that he was "actually prejudiced" by the language

of the indictment because he prepared his defense based on the belief that "the Government had to prove that the depictions themselves traveled in interstate and foreign commerce." *Id.*

The record belies this claim. It is important to note that Mr. Kincaid's only complaint with the indictment is that it differs from the statutory language in the use of the conjunctive; the statute of conviction is correctly identified in the indictment, the elements of the statute are correctly set forth in the indictment, and the stipulated facts support the elements of the indicted offenses.[6] Furthermore, the parties' stipulations reveal that Mr. Kincaid was aware that the Government was attempting to prove the interstate commerce element by establishing that the materials used to produce the child pornography had traveled in interstate commerce. Indeed, the questions reserved for the court's resolution are focused on whether the materials used in producing the pornography have the requisite nexus to interstate commerce. *See* R.31 at 1-2. Additionally, Mr. Kincaid stated explicitly in his submission to the district court that he was "*not* stipulat[ing]" that either "the visual depictions created by him" or "the pornography possessed by him w[ere] produced using materials that had been mailed, or shipped or transported in interstate

---

[6] Thus, this is not a case of "constructive amendment"—where "the evidence presented at trial . . . raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." *Hunter v. State of New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990) (internal quotation marks omitted).

or foreign commerce." *Id.* at 15-16 (emphasis in original). In sum, the record reveals that Mr. Kincaid knew that the Government was attempting to satisfy the interstate commerce nexus by establishing that the *materials* used to produce the pornography, as opposed to the pornography itself, had traveled in interstate commerce. Moreover, Mr. Kincaid's actions in contesting this issue reveal that he understood that, if the Government satisfied this burden, it had proven its case. Consequently, we do not believe that the wording of the indictment deprived Mr. Kincaid of the opportunity to prepare an adequate defense.

### Conclusion

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED