NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 15, 2011
Decided April 18, 2011

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-3532

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:10cr51-001 |
| KEVIN L. HITE, *Defendant-Appellant.* | Jon E. DeGuilio, *Judge.* |

**O R D E R**

As he was strolling through a neighborhood in Mishawaka, Indiana, convicted felon Kevin Hite hatched a plan to commit yet another crime. He chose a house at random, hurled a brick through a window to gain entry, and made off with roughly $8,000 worth of jewelry and a .32 caliber Smith & Wesson revolver. But the police caught up with him a few minutes later and, after a short chase, took him into custody.

Hite pleaded guilty to possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and possession of a stolen firearm, *see id.* § 922(j). Because he already had three convictions for violent felonies, Hite was subject to the Armed Career Criminal Act, which ordinarily mandates a prison term of at least 15 years. *See id.* § 924(e). A district court may sentence below that statutory threshold, however, if the government has moved for a lower term "to

reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." *Id.* § 3553(e). And at Hite's change-of-plea hearing, the prosecutor had made an oral promise to give him "the opportunity to proffer and give whatever information he has regarding criminal activities" in exchange for consideration of a motion under § 3553(e).

By all accounts Hite made a good-faith effort to tell the government all he knew about the criminal underworld. But as it turned out, he did not know very much. The government was willing to characterize his assistance as "substantial" and thus filed a motion under § 3553(e). Yet at the same time the prosecutor was explicit in saying that Hite was able to do little more than talk about his own crimes:

> Mr. Hite did not give any testimony in a grand jury proceeding or other court proceeding. He didn't make any calls that were recorded with persons participating in crimes. He didn't make any controlled transactions or buys, as some conspirators do, and he didn't really give any information other than the crimes he, himself, was personally involved with.

And even that information, the prosecutor continued, was "somewhat sketchy and dated." The government's motion *permitted* the district court to sentence Hite below the statutory minimum, but the prosecutor recommended a prison term of 188 months, the low end of the guidelines range.

At sentencing Hite's lawyer vaguely suggested that, by choosing this course, the government might have breached its oral agreement with his client. He sought clarification "whether the government is moving for relief from the 15-year mandatory minimum, or whether they are simply permitting the court to go below the mandatory minimum if the court so desires." The prosecutor responded that, in fact, he *had* moved for relief from the mandatory minimum sentence by relying on § 3553(e) to give the district court the authority to sentence below that threshold. But given Hite's lackluster assistance, the prosecutor continued, the district court ought not dip below the 180-month minimum. "So with that explanation from the government," the court asked Hite's lawyer, "are you suggesting that that is something different from what the government had represented to you or promised to you at the time Mr. Hite made his change of plea?" "No," Hite's lawyer acknowledged. In an abundance of caution, the court summed up its understanding of the agreement to make sure that the parties were on the same page: "So you are satisfied that, so long as the court understands that it has the authority to depart below the mandatory minimum of 180 months based on the government's substantial-assistance motion, based on that, you are not suggesting that the government has breached any promise or representation it made at the

time of the change of plea; is that correct?" "That's correct," Hite's lawyer assured the court. And so the hearing proceeded. After considering the sentencing factors laid out in 18 U.S.C. § 3553(a), as well as the government's representation of Hite's assistance, the court sentenced him to the statutory minimum.

On appeal Hite argues that, by refusing to recommend that the district court sentence him below the statutory minimum, the government breached the plea agreement. Hite's problem, of course, is that he waived this contention when he conceded to the district court—not once but twice—that the government had *not* breached its agreement. *See United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010); *United States v. Venturella*, 585 F.3d 1013, 1018-19 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1547 (2010); *United States v. Kincaid*, 571 F.3d 648, 654 (7th Cir. 2009). We commend the district judge for his deliberate approach to the concerns Hite raised about the scope of the parties' agreement. Thanks to the judge's vigilance, any confusion about what the government had agreed to do was cleared up to Hite's satisfaction at the sentencing hearing, and we reject Hite's efforts to muddy the waters again on appeal.

AFFIRMED.