NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided May 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-1970

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | 2:08cr8-001 |
| LARRY COLLINS, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Larry Collins pleaded guilty to distributing cocaine, *see* 21 U.S.C. § 841(a)(1). The plea agreement contained a broad appellate waiver under which Collins agreed to waive all appellate rights, including the rights to contest his conviction or sentence or to raise any claim of ineffective assistance of counsel except for such assistance relating "directly" to the appeal waiver or its negotiation. The plea agreement reflected the government's promises to recommend that Collins receive a 3-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and that he receive a sentence equal to the minimum of the "applicable" guidelines range, as well as the government's agreement not to seek "enhanced penalties" in the event that Collins qualified for such penalties as a result of prior drug convictions. The plea agreement, however, did not anticipate that Collins would qualify as a career

offender. The district court applied the career-offender enhancement and sentenced him to 120 months' imprisonment, below the calculated range of 151 to 188 months. Despite his waiver of appellate rights, Collins appeals. His appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Collins opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and Collins's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Collins does not want his guilty plea set aside, so counsel properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel does consider whether Collins could challenge his sentence, but concludes that doing so would be frivolous in light of his broad appeal waiver. Because the appeal waiver stands or falls with the plea agreement, counsel properly concludes that any potential challenge to Collins's sentence would be frivolous. *See United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010).

For his part, Collins maintains that the government breached the plea agreement when it supported applying the career-offender guidelines to him, and that an appeal challenging his sentence would fall outside the scope of the appeal waiver. But Collins has not indicated that he wants to discard his guilty plea and lose the benefit of avoiding a possible maximum 20-year sentence (as set forth in the plea agreement). *See Knox*, 287 F.3d at 671-72. And because Collins does not contest the validity of the plea, the appeal waiver must stand. *Quintero*, 618 F.3d at 752. We add that Collins also waived his right to challenge the career-offender enhancement when at sentencing he withdrew his objection to its application. *See United States v. Kincaid*, 571 F.3d 648, 654 (7th Cir. 2009).

Collins also maintains that he was "never informed" that the career-offender guidelines might apply to his sentence, as this possibility was neither contained in the plea agreement nor discussed at the change of plea hearing. To the extent that Collins suggests that trial counsel was ineffective in failing to anticipate this possibility at the time the plea agreement was negotiated, such an argument is better saved for collateral review, so that a more complete record may be made. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS the appeal.