NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012
Decided January 20, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3922

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-10088-001 |
| WILLIAM HUBER, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

## O R D E R

William Huber ran a Ponzi scheme that cost his investors, including close friends and family members, more than $20 million. He waived indictment and pleaded guilty to an information charging one count each of mail fraud, 18 U.S.C. § 1341, money laundering, *id.* § 1956(a)(1)(B)(i), and engaging in a prohibited monetary transaction, *id.* § 1957(a). The district judge sentenced Huber to 240 months' imprisonment, 22 months below the bottom of his guidelines range (262 to 327 months). Huber appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Huber opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and Huber's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Huber wants his guilty pleas set aside, so counsel first considers whether Huber could argue that his pleas were not knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Huber did not move to withdraw his pleas in the district court, so we would review his plea colloquy for plain error. FED. R. CRIM. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 63 (2002); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010). Both counsel and Huber note that the district judge erred during the colloquy by failing to apprise Huber explicitly of his right to plead not guilty. *See* FED. R. CRIM. P. 11(b)(1)(B). But counsel correctly concludes that, under the totality of the circumstances, *see United States v. Parker*, 368 F.3d 963, 968 (7th Cir. 2004); *United States v. Martinez*, 289 F.3d 1023, 1029 (7th Cir. 2002), we would deem the judge's error harmless. The judge confirmed twice that Huber understood he had the right to a jury trial but wanted to waive that right and plead guilty. The judge also explained to Huber that if he went to trial, he would be presumed innocent, could not be found guilty unless the jury voted unanimously to convict, and would have the rights to remain silent, subpoena witnesses, confront his accusers, and be represented by an attorney. Given the judge's warnings about the rights he was waiving by foregoing a trial, we would conclude that Huber was "undoubtedly aware" of his right to plead not guilty. *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988) (citation omitted); *see also United States v. Morales-Robles*, 309 F.3d 609, 610 (9th Cir. 2002).

Counsel next examines whether Huber could challenge the substantive reasonableness of his sentence, but rightly concludes that such a challenge would be frivolous. We would presume the reasonableness of Huber's below-guidelines sentence. *United States v. Berg*, 640 F.3d 239, 255 (7th Cir. 2011); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Neither counsel nor Huber has identified a sound basis to rebut this presumption, nor have we.[1]

In his Rule 51(b) response, Huber proposes to argue that the district judge erred in several of his guidelines calculations, which he adopted from the presentence report. But we would be unable to review any of Huber's challenges to the guidelines calculations because he expressly waived them when, at sentencing, he withdrew all of his objections to the PSR. *United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010); *United States v. Kincaid*, 571 F.3d 648, 654 (7th Cir. 2009).

---

[1] Moreover, as counsel notes, Huber benefitted from an apparent misunderstanding on the part of the district judge, who stated that he could not give Huber a within-guidelines sentence because "the law tells me I can't sentence him to more than 20 years." The judge in fact could have imposed a within-guidelines sentence by ordering that Huber serve partially consecutive, rather than entirely concurrent, sentences on the three counts. *See* U.S.S.G. § 5G1.2(d); *United States v. Russell*, 662 F.3d 831, 853 (7th Cir. 2011).

We have examined the remainder of Huber's proposed arguments, but none merits discussion.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.