**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012
Decided May 31, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2852

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 3:08CR30235-005-GPM |
| BRYANT K. MAYBELL, <br> *Defendant-Appellant*. | G. Patrick Murphy, <br> *Judge.* |

**O R D E R**

Bryant Maybell was arrested for his involvement in an extensive scheme to distribute crack cocaine by a group known as the JackMob, which operated in southern Illinois from 2005 until early 2009. Maybell was charged, along with seven others, with conspiracy to possess crack with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1) (2006). He also was charged with possessing and distributing crack. *Id.* § 841(a)(1). The government filed a recidivism enhancement, which raised the possible prison terms on each count. *See id.* §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), (b)(1)(C), 851. Maybell pleaded guilty to possession and distribution but elected to proceed to trial on the conspiracy count. Before that trial the district court calculated a guidelines imprisonment range of 210 to 262 months on the substantive counts and imposed concurrent terms of 240 months. A jury found Maybell guilty of conspiracy, and the district court imposed a mandatory life sentence based on the

amount of crack and Maybell's prior convictions. *See id.* § 841(b)(1)(A)(iii). Maybell filed a notice of appeal, but his newly appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Maybell has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Maybell does not want his guilty pleas vacated, so counsel properly omits any discussion about the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers whether Maybell could argue that the trial evidence does not support his conspiracy conviction. To convict Maybell for the crack conspiracy under 21 U.S.C. § 846, the government had to prove that there was an agreement to possess and distribute cocaine and that Maybell joined the agreement knowingly and intentionally. *United States v. Walker*, 673 F.3d 649, 654–55 (7th Cir. 2012); *United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010).

We agree with counsel that a sufficiency challenge would be frivolous. Five members of the JackMob testified that they and Maybell collaborated for years selling crack out of a house in Carbondale and in the surrounding neighborhood. They took turns making sales, and sometimes they pooled money to buy crack or worked together supplying crack to customers. Six of the JackMob's customers testified that they purchased crack directly from Maybell at the JackMob house. Another five people who lived at or near the JackMob house testified that they had seen Maybell selling crack outside. Maybell elected not to testify and rested after introducing documents from one of his state convictions to show that he was in prison during part of the time he allegedly was participating in the conspiracy. The jury was free to credit these witnesses, *United States v. Anderson*, 580 F.3d 639, 646 (7th Cir. 2009); *United States v. Kelly*, 519 F.3d 355, 362 (7th Cir. 2008), and Maybell's temporary absence while imprisoned does not mean that he should not be guilty of participating in the long-running conspiracy, *see United States v. Turner*, 604 F.3d 381, 388 (7th Cir. 2010); *United States v. Julian*, 427 F.3d 471, 483 (7th Cir. 2005).

Counsel next considers whether Maybell could challenge the calculation of his guidelines imprisonment range for possession and distribution, though she first correctly notes that any error in the guidelines calculation would be harmless in light of Maybell's life sentence later imposed for the conspiracy. The possession and distribution counts together accounted for 8 grams of crack, but the district court calculated a base offense level of 34 after attributing to Maybell between 500 and 1,500 grams. *See* U.S.S.G. § 2D1.1(c)(3) (2010). The court added two levels for possessing a dangerous weapon, *id.* § 2D1.1(b)(1), and subtracted three for acceptance of responsibility, *id.* § 3E1.1, yielding a total offense

level of 33. The government must prove drug quantity by a preponderance of the evidence in applying the guidelines, *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007), and a sentencing court may assess relevant conduct by considering any evidence that bears "sufficient indicia of reliability," U.S.S.G. § 6A1.3(a); *see United States v. Sainz-Preciado*, 566 F.3d 708, 713–14 (7th Cir. 2009); *United States v. Hankton*, 432 F.3d 779, 789–90 (7th Cir. 2005).

The court concluded at sentencing that, even accepting the witnesses' most-conservative estimates, Maybell's relevant conduct would be well over 500 grams of crack. A coconspirator testified at sentencing that Maybell received ½ ounce of crack every week for a two-year period spanning 2006 through 2008. Even discounting 4 months during that period when Maybell was in prison, he would still be responsible for over 1,200 grams of crack. And one of his customers testified that Maybell cooked 2 ounces of crack in her apartment on at least 20 different occasions during the same time period, and that conduct verifies Maybell's responsibility for over 1,100 grams. Similarly, for the increase under § 2D1.1(b)(1) to apply, the government had to prove by a preponderance of the evidence that Maybell possessed a weapon during the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1); *United States v. McCauley*, 659 F.3d 645, 652 (7th Cir. 2011). At the sentencing hearing two people—a coconspirator and another drug dealer—testified that Maybell carried a gun while selling crack. We agree with counsel that it would be frivolous to argue that the adjustments were unwarranted.

Counsel next considers whether Maybell could challenge the mandatory life sentence imposed for the conspiracy. Maybell initially had objected to the recidivism enhancement under § 851 for prior drug convictions on the ground that the conspiracy crime was not committed until *after* his 2005 and 2008 convictions alleged in the enhancement information. At sentencing, however, Maybell abandoned this objection, and thus it is waived. *See United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010); *United States v. Kincaid*, 571 F.3d 648, 654 (7th Cir. 2009). And had it not been waived, the contention still would fail. For Maybell to be subject to mandatory life, the district court needed to find that he continued his involvement in the charged conspiracy after his second Illinois conviction for a felony drug offense became final in February 2008. *See United States v. Garcia*, 32 F.3d 1017, 1019–20 (7th Cir. 1994); *United States v. Moody*, 564 F.3d 754, 759 (5th Cir. 2009); *Hagins v. United States*, 267 F.3d 1202, 1208 (11th Cir. 2001); *see also United States v. Alden*, 527 F.3d 653, 663–64 (7th Cir. 2008). Five witnesses testified at trial that Maybell continued to sell crack after he received time served plus probation and was released from state custody in 2008. At sentencing the district court noted that "after trial it was abundantly clear" that Maybell had continued his involvement in the conspiracy. Counsel is correct that an appeal on this basis would be frivolous.

Counsel last considers whether Maybell's appeal could be affected by the Supreme Court's recent decision to consider the retroactivity of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372. *See United States v. Dorsey*, 635 F.3d 336, 340 (7th Cir. 2011), *cert. granted*, 132 S. Ct. 759 (2011). If the Fair Sentencing Act had applied to Maybell, who was sentenced after its enactment in August 2010, he still would have faced a mandatory life sentence for the conspiracy. The jury's finding that he was responsible for at least 50 grams of crack would not by itself compel a life sentence (the FSA amended § 841(b)(1)(B)(iii) to require 280 grams or more of crack to trigger a mandatory life sentence but the jury was not asked to decide whether Maybell had been involved with that quantity.) *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2006), *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010). But, as counsel observes, the district court found that the conspiracy involved well over 280 grams of crack, which even under the FSA would have required a life sentence. 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. IV 2010). The court could make this determination based on a preponderance of the evidence, without a jury, because the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply to statutory minimum penalties. *See Harris v. United States*, 536 U.S. 545, 566–67 (2002); *United States v. Krieger*, 628 F.3d 857, 863–64 (7th Cir. 2010); *United States v. Washington*, 558 F.3d 716, 719–20 (2009).

Counsel does not discuss whether the Fair Sentencing Act could change Maybell's sentences for possession and distribution, though his life term for the conspiracy makes the question academic. Maybell faced a statutory minimum of 10 years for distributing over 5 grams of crack, 21 U.S.C. § 841(b)(1)(B)(iii) (2006), and a maximum of 30 years for possession, *id.* § 841(b)(1)(C). Under the Fair Sentencing Act, Maybell would not have faced a mandatory minimum penalty on either count. *See id.* § 841(b)(1)(B)(iii), (b)(1)(C) (2006 & Supp. IV 2010). But the district court did not consider the statutory penalties when it imposed Maybell's sentence. After mentioning the statutory penalties briefly at the beginning of the sentencing hearing, the court did not return to them. Instead, the court imposed a sentence with the guidelines range as its starting point: "Now to be sure, whatever sentence the court would give you—and I think a guidelines sentence is appropriate here. I see no reason to go up or to go down. The difference between 210 and 262 months is less than four years. . . . [T]he defendant is sentenced to the Bureau of Prisons for a term of 240 months. That's 20 years. That is exactly the sentence I would have given him irrespective of the guidelines." Because any change to the statutory penalties would not affect the sentence imposed, *United States v. White*, 519 F.3d 342, 349 (7th Cir. 2008); *Julian*, 427 F.3d at 491, and the amendments to the guidelines that implemented the FSA do not affect Maybell's base offense level, *see* U.S.S.G. app. C, amends. 748, 750, 759, the argument would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.