NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021*
Decided November 9, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3257

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:08-CR-30235-NJR-5 |
| BRYANT K. MAYBELL, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Bryant Maybell, an Illinois inmate, appeals the district court's judgment on his motion for a reduced sentence under the First Step Act. He conceded in the district court that its finding of the drug amount involved in his crime validly determined his

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

guidelines range, but he now abandons that position. Instead, he argues that the district court had to limit the penalty range to the drug amount found by the jury. Because Maybell waived this argument by accepting the higher penalty range, and his new argument does not furnish grounds for relief in any case, we affirm.

Maybell was convicted by a jury in 2011 of conspiracy to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and pleaded guilty to possession and distribution of crack cocaine, *see id.* §§ 841(a)(1), (b)(1)(B), (b)(1)(C). The jury found that he had conspired to distribute 50 grams or more of crack cocaine. The presentence investigation report, which the district court adopted, determined that his relevant conduct involved nearly 2,900 grams of crack cocaine. The jury's drug quantity finding required a prison term of life imprisonment. *See id.* §§ 841(b)(1)(A), 846, and 851. Maybell was sentenced to life in prison on the conspiracy count and 240 months in prison on the possession and distribution counts.

In 2019, Maybell moved for a reduced sentence under Section 404(b) of the First Step Act, and he received partial relief. Pub. L. No. 115-391, 132 Stat. 5194. This Act applies the provisions of the Fair Sentencing Act to defendants who committed covered offenses before August 2010. The parties agreed that, under the Fair Sentencing Act, the statutory penalty for the conspiracy count ranged from 10 years to life, with a guidelines range of 292 to 365 months; the statutory maximum for the remaining counts was 30 years, with a guidelines range of 168 to 210 months. The district court ruled that Maybell was eligible for a sentence reduction on the conspiracy count. But it concluded that his extensive criminal history and misconduct in prison justified a reduction to 360 months' imprisonment, which fell within the agreed-upon guidelines range.

On appeal, Maybell disclaims the position that he took in the district court. He now argues that his relevant conduct for sentencing purposes must be limited to the "50 grams or more" amount of crack cocaine found by the jury, which he believes restricts the allowable range for the conspiracy count to 110 to 137 months in prison. In his view, under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), a sentence based on the 2,900-gram amount that the court adopted from the presentence investigation report violates his rights under the Sixth Amendment because a jury did not make that finding.

Maybell waived his appellate contention that a lower statutory range is required on the conspiracy count. "Waiver occurs when a party intentionally relinquishes a known right" and precludes appellate review. *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). In the district court, Maybell explicitly agreed to an amended statutory range of 5 to 40 years and a guideline range of 292 to 365 months. He is now bound to that position on appeal. *See*

*United States v. Canfield,* 2 F.4th 622, 629 (7th Cir. 2021) (defendant's "affirmative advancement" in district court of supervised release terms "evidence[d] intentionality" and constituted waiver of objections to them on appeal).

But even if Maybell merely forfeited, rather than waived, his new argument that his penalty range is limited by the jury's finding, for two reasons the district court did not plainly err by accepting the PSR quantity, as it did at the original sentencing. *See Flores,* 929 F.3d at 447 (forfeited issues are reviewed for plain error). First, Maybell may not raise, in a motion to reduce his sentence, an argument that he could have raised on direct appeal, such as his argument under *Apprendi. See United States v. Jackson,* 573 F.3d 398, 400 (7th Cir. 2009). (Maybell filed a notice of appeal to his initial sentence in 2011, but this court dismissed his appeal under *Anders v. California,* 386 U.S. 738 (1967). *See United States v. Maybell,* 482 F. App'x 171 (7th Cir. 2012).)

Second, in any case, the district court did not violate the rule of *Apprendi. Apprendi* requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490. Here, based on the 50 grams of crack cocaine that the jury found, under the Fair Sentencing Act the statutory maximum for Maybell's sentence was already set at life. Pub. L. No. 111–220, 124 Stat. 2372. The larger drug amount reflected in the PSR thus did not affect the statutory maximum sentence. This court held in *United States v. Ashqar* that a sentence based on judicially-found facts does not violate the Sixth Amendment so long as it does not exceed the relevant statutory maximum. 582 F.3d 819, 824–25 (7th Cir. 2009). Where, as here, judicially-found facts merely increase the guidelines range, the Sixth Amendment is not offended because "[]the judge could disregard the Guidelines and apply the same sentence . . . in the absence of the special facts . . . [s]o long as the Guidelines are advisory[]". *Id.* Maybell concedes in his brief that circuit cases like *Ashqar* defeat his claim. He insists, nonetheless, that they are "inherently flawed[]." But he presents only arguments that this court already considered and rejected in deciding that case. Because the judge did not sentence Maybell above the relevant statutory maximum, it committed no constitutional error.

AFFIRMED