NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022
Decided May 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1415

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> OMAR GARCIA, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:18-CR-00833(1) <br><br> Matthew F. Kennelly, <br> *Judge.* |

## O R D E R

Omar Garcia, formerly a physician for a company that provided healthcare to Medicare beneficiaries, was convicted of six counts of healthcare fraud. After a five-day trial, a jury determined that Garcia had knowingly and willingly participated in a scheme to defraud Medicare by authorizing or prescribing medically unnecessary allergen tests in violation of 18 U.S.C. § 1347. The judge sentenced him to a below-Guidelines term of 18 months in prison, followed by one year of supervised release. Garcia appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Garcia opposes counsel's

motion. 7TH CIR. R. 51(b). Because counsel's brief appears thorough and explains the nature of the case and the issues that an appeal of this kind might involve, we limit our review to the subjects she discusses and the additional issues that Garcia raises in his response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

First, counsel tells us that Garcia informed her that he does not wish to challenge his below-Guidelines sentence. Because Garcia does not dispute counsel's representation, further discussion of the sentence is unnecessary. *See United States v. Caviedes-Zuniga*, 948 F.3d 854, 856 (7th Cir. 2020).

Counsel next considers whether Garcia could challenge the judge's denials of his motions to dismiss the indictment and rightly determines that doing so would be frivolous. The indictment alleged that from July 2011 to February 2015, Garcia and others:

> submitted, and caused to be submitted, fraudulent claims to Medicare that falsely represented that Medicare beneficiaries, including Beneficiaries PD, TC, MG, SM, LS, YF, and JF, had a medical need for certain diagnostic tests prescribed and authorized by GARCIA and administered in the home, including percutaneous allergen tests, nerve transmission tests, and ultrasounds.

In one motion Garcia argued that the indictment was duplicitous because it alleged a continuing course of conduct and, in each of six counts, a single distinct act. The judge denied this motion, finding that allegations of multiple fraudulent claims did not make the indictment duplicitous. As counsel rightly notes, an indictment is duplicitous only if it charges two or more offenses within the same count. *See United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020). Here, each count charged only one crime (i.e., by identifying a specific date on which a discrete fraudulent claim was submitted to Medicare for payment with regard to a specific medically unnecessary test authorized by Garcia for a specific patient). Thus, counsel is correct that it would be frivolous to challenge the indictment as duplicitous.

In another motion Garcia argued that the indictment was impermissibly vague because it did not define what is "medically necessary." The judge denied this motion, finding that the indictment adequately identified the scheme and the means by which it was carried out. Counsel rightly concludes that a vagueness challenge to the indictment would also be frivolous. We review indictments practically and not in a hypertechnical manner, *see United States v. Khan*, 937 F.3d 1042, 1050 (7th Cir. 2019), and the indictment

here—alleging separate counts for specific executions of a single scheme, specifying precise dates and Medicare beneficiaries, and asserting that Garcia "knowingly and willfully" participated in the scheme—amply apprised Garcia of the charges against him.

Counsel next asks whether Garcia could challenge one evidentiary ruling that was mentioned in his posttrial motion relating to the admission of Medicare billing data for patients other than those identified in the indictment. Garcia argued that the data was prejudicial and offered for propensity purposes. *See* FED. R. EVID. 403, 404(b). But we agree with counsel that any challenge to the admissibility of this billing data would be frivolous. Judges have broad discretion in making such rulings, *see Houlihan v. City of Chicago*, 871 F.3d 540, 553 (7th Cir. 2017), and the billing data was probative of Garcia's involvement in the charged scheme, which included—but was not restricted to—the patients identified in the indictment.

Counsel also considers whether Garcia could raise a nonfrivolous challenge to his proposed jury instructions. But counsel rightly rejects such a challenge as frivolous because Garcia proposed the instructions himself and thus waived any challenge to them. *See United States v. Bell*, 28 F.4th 757, 763 (7th Cir. 2022).

Counsel and Garcia both consider whether he could challenge the sufficiency of the evidence supporting his convictions. Garcia, for his part, contends that the government did not prove his knowledge of the scheme; he points to his lack of direct contact with patients and to a nurse practitioner's testimony that he, Garcia, was not informed when medically unnecessary tests were prescribed. But counsel concludes, and we agree, that Garcia could not plausibly contend that the evidence, viewed in the light most favorable to the verdict, was insufficient for a rational jury to find him guilty. *See Lange v. City of Oconto*, 28 F.4th 825, 841 (7th Cir. 2022). The government presented substantial evidence for a jury to find that Garcia knew of the scheme to defraud Medicare: He was paid based on a percentage of his Medicare billings; he signed off on more than 900 allergy tests with limited justification for their necessity; he had little communication with the nurse practitioners whom he supervised; and he told the FBI that many tests were "financial decisions motivated by money."

We also agree with counsel that it would be fruitless for Garcia to challenge the denial of his posttrial motions. Garcia had moved for a judgment of acquittal and a new trial under Rules 29 and 33, respectively, of the Federal Rules of Criminal Procedure, arguing that there was not sufficient evidence to support his conviction and that the government constructively amended the indictment by not proving that he had

authorized *and* prescribed any allergy tests. The judge found that the government met its burden of proof. The judge determined that the government was required to prove only that Garcia prescribed *or* authorized the tests and that the government had proved the latter. The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the acts charged. *See Turner v. United States*, 396 U.S. 398, 420 (1970); *United States v. Kincaid*, 571 F.3d 648, 655–56 (7th Cir. 2009). The judge concluded that the evidence "unquestionably" permitted a jury to find beyond a reasonable doubt that Garcia signed off on hundreds of tests—thereby "authorizing" them—and permitted them to be submitted to Medicare for payment under his identification number. Counsel is therefore correct that Garcia could not make a nonfrivolous challenge to the denial of his posttrial motions.

Lastly, Garcia suggests in his Rule 51(b) response that trial counsel rendered ineffective assistance by providing a "meaningless defense," asking him repeatedly to plead guilty, and meeting with him only once in four years. We will not consider these arguments, however, because as Garcia's counsel properly advised him, a claim of ineffective assistance of counsel is best raised on collateral review, at which time a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.