# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-30154
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60040-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

John Davis appeals his conviction and sentence for attempted production of child pornography in violation of 18 U.S.C. § 2251(a). He argues that the evidence was insufficient to support his conviction. Because Davis moved for a judgment of acquittal at the close of the Government's case and renewed the motion at the close of all of the evidence, he properly preserved the issue for appellate review. See United States v. Ferguson, 211 F.3d 878, 882 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2000).  This court reviews a challenge to the sufficiency of the evidence supporting a conviction de novo, considering "whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt."  United States v. Hayes, 342 F.3d 385, 389 (5th Cir. 2003).  "All reasonable inferences from the evidence must be construed in favor of the jury verdict."  Id.

A review of the evidence indicates that, in view of the context of this conversation between Davis and an agent posing as a 14-year-old girl, a rational trier of fact could have found that Davis asked the minor to take photographs of herself engaged in sexually explicit conduct, including either masturbation or the lascivious exhibition of the genitals or pubic area within the meaning of 18 U.S.C. §§ 2251(a) and 2256(2)(A)(iii) & (v).  See United States v. Crow, 164 F.3d 229, 237-38 (5th Cir. 1999); see also United States v. Veazey, 491 F.3d 700, 708-09 (7th Cir. 2007); United States v. Johnson, 376 F.3d 689, 692-93 (7th Cir. 2004).

Davis argues that the district court erred in denying his motion to dismiss the indictment for lack of jurisdiction because § 2251(a) is unconstitutional under the Commerce Clause.  Davis's counsel filed a motion to dismiss the indictment for lack of jurisdiction on the ground that § 2251 was unconstitutional under the Commerce Clause.  On the first day of the trial, Davis's counsel advised the court that Davis and the Government had entered into a stipulation regarding the interstate commerce aspect of the charged offense and, therefore, Davis was withdrawing his previous motion to dismiss the indictment on Commerce Clause grounds.  Because Davis raised this issue in the district court and subsequently withdrew the motion raising the issue, Davis waived this issue, and it is unreviewable.  See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006); United States v. Dodson, 288 F.3d 153, 160 (5th Cir. 2002).

Davis argues that the 200-month sentence imposed by the district court is constitutionally excessive in violation of the Eighth Amendment. Davis's sentence was 20 months longer than the mandatory minimum sentence of 15 years. In comparison to the life sentence imposed in Rummel v. Estelle, 445 U.S. 263 (1980), on a nonviolent criminal pursuant to a recidivist statute, Davis has not shown that the 200-month sentence was grossly disproportionate to the offense. See United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997); McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992).

AFFIRMED.