# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1196
_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Ray Capps

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: May 24, 2013
Filed: June 11, 2013
_____

Before RILEY, Chief Judge, GRUENDER and BENTON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Dennis Ray Capps was found guilty of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The

district court[1] imposed a mandatory term of life in prison under 21 U.S.C. § 841(b)(1)(A)(viii). We affirm.

## I.

On July 28, 2011, Sergeant Michael Carson ("Sgt. Carson") of the Missouri State Highway Patrol observed Capps driving on Missouri Highway 143 in Wayne County. Sgt. Carson recognized Capps and was aware both that Capps's license was suspended and that there was an active felony warrant for his arrest. In response, Sgt. Carson initiated a traffic stop. After confirming the existence of the warrant and the license suspension, Sgt. Carson arrested Capps for both violations. During the traffic stop, Sgt. Carson also performed a license plate check on Capps's car and discovered that the plates were registered to a different person and a different car, in violation of Missouri law. Sgt. Carson then sought permission for state troopers to conduct a search of the vehicle. Capps initially told Sgt. Carson to check the trunk for a second set of license plates. Sgt. Carson clarified that he wanted to search the entire vehicle, and Capps eventually responded "just go ahead and look." During the course of the search, a trooper found a bag under the hood of Capps's vehicle. The bag held 165 grams of a substance containing 138 grams of actual methamphetamine. Capps's wife was in the car at the time, and Capps told the officer that the drugs belonged to him, not his wife.

Capps filed a motion to suppress the evidence seized from the car. He contended his Fourth Amendment rights were violated when troopers searched the entire vehicle because any consent he provided was involuntary, and even the scope of this involuntary consent was limited to a search of the trunk. The district court denied the motion. After viewing a video of the traffic stop, the district court

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

determined that Capps had voluntarily consented to a search of the entire vehicle. The district court also concluded that, even if Capps had not consented, there was no Fourth Amendment violation because state troopers inevitably would have discovered the methamphetamine as part of an inventory search. The Government was allowed to introduce the contested evidence at trial, and a jury found Capps guilty of possession with intent to distribute at least fifty grams of methamphetamine.

At the time he committed the instant offense, Capps had two prior felony drug convictions. Section 841(b)(1)(A)(viii) requires district courts to sentence such offenders to life in prison. At the sentencing hearing, Capps objected that a life sentence would violate the Eighth Amendment's prohibition on cruel and unusual punishment. The district court determined that the congressionally mandated minimum sentence did not violate the Eighth Amendment. On appeal, Capps argues the district court erred in denying his motion to suppress. He also urges us to find that application of § 841(b)(1)(A)(viii)'s mandatory life sentence violates the Eighth Amendment because it is grossly disproportionate to the offense he committed.

## II.

### A. Motion to Suppress

"When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Anderson*, 688 F.3d 339, 343 (8th Cir. 2012). Capps first contends that the evidence should have been suppressed because any consent he provided was involuntary. "The voluntariness of a consent to a search is a factual question that is reviewed for clear error." *United States v. Saenz*, 474 F.3d 1132, 1136 (8th Cir. 2007). Courts ascertain voluntariness by analyzing the totality of the circumstances, looking both to characteristics of the defendant (such as his age, general intelligence, level of intoxication, and likely awareness of his rights based on prior encounters

with law enforcement) and the circumstances surrounding the request to search (such as whether law enforcement made the request in a public location, threatened the defendant, and *Mirandized* him prior to attempting to search the vehicle). *See id.* at 1137. The district court did not clearly err because the substantial majority of these factors weigh in favor of finding that Capps voluntarily consented to the search. Capps was in his thirties at the time of the incident and does not contend to possess below average intelligence or any other barriers to effective communication. One of the troopers who spoke with Capps at the police station after the traffic stop testified that Capps appeared sober at the time, and Capps has not argued that his state of mind was otherwise. Capps had prior interactions with law enforcement and was therefore more likely to be aware of his rights. The circumstances of the request were also conducive to voluntary consent. Capps does not allege that the troopers coerced him, and the incident occurred on the side of a public highway. Because troopers never provided Capps with *Miranda* warnings before asking to search the vehicle, Capps argues that any consent he subsequently gave was involuntary. This is a relevant factor to consider, but "[w]e have not required an officer to provide *Miranda* warnings before requesting consent to search." *Id.* The weight of the other factors indicates that the absence of *Miranda* warnings prior to the search "does not nullify [Capps's] otherwise voluntary consent." *Id.*

Capps argues that even if his consent was voluntary, the troopers exceeded the scope of his partial consent when they searched beyond the trunk of the car. "The boundaries of a consensual automobile search are confined to the scope of the consent." *United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006). We determine the scope of consent by "considering what an objectively reasonable person would have understood the consent to include." *United States v. Urbina*, 431 F.3d 305, 310 (8th Cir. 2005). When Sgt. Carson initially asked Capps if he could search the car, Capps responded by telling Sgt. Carson he could look in the trunk for an additional set of license plates. Sgt. Carson specified, "I just don't want to look in the trunk, I want consent to search your vehicle." Capps reiterated that Sgt. Carson could

look in the trunk, explaining that he never gives consent for law enforcement to search his vehicle.  Sgt. Carson persisted in clarifying that he wanted to search "the vehicle, the passenger compartment, the driver area, the entire vehicle," but reminded Capps that he could refuse this request if he wished.  Capps then responded "just go ahead and look."  Sgt. Carson again clarified the scope of Capps's consent by asking "[s]o you're giving me consent to search your vehicle"?  Capps repeated the same response, "go ahead and look."  Accordingly, the district court did not err in concluding that an objectively reasonable person would have understood Capps to have consented to a search of the entire vehicle.[2]

**B. Eighth Amendment Challenge**

Capps also raises a challenge to the constitutionality of his sentence.  He argues that a mandatory sentence of life in prison violates the Eighth Amendment because it is disproportionately harsh in comparison to the offense for which he was convicted.  "The Eighth Amendment 'forbids only extreme sentences that are grossly disproportionate to the crime.'" *United States v. Collins*, 340 F.3d 672, 679 (8th Cir. 2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (internal quotation omitted)).  We review Eighth Amendment sentencing challenges *de novo*. *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010).

The district court imposed a sentence of life imprisonment pursuant to § 841(b)(1)(A)(viii), which states that an individual who is convicted of possessing with intent to distribute "50 grams or more of methamphetamine . . . shall be sentenced to a mandatory term of life imprisonment without release" if such

---

[2]Because we affirm the district court's finding that Capps voluntarily consented to a search of the entire vehicle, we need not consider whether the inevitable discovery doctrine would apply.

individual has "two or more prior convictions for a felony drug offense." Offenders with only one prior felony drug conviction are subject to a mandatory minimum sentence of twenty years in prison. *Id.* Capps concedes he has the requisite two prior convictions for felony drug offenses, one for manufacture of methamphetamine and one for possession of methamphetamine. He committed these offenses about one month apart in 2001 and pled guilty to both charges on the same day. Until the present conviction, Capps had not been the subject of any other drug-related criminal proceedings. Capps argues the timing of his two prior offenses diminishes the extent to which they are meaningfully distinct and contradicts the proposition that he is the type of recidivist offender Congress attempted to target with § 841(b)(1)(A)(viii). In effect, he insists his life sentence is disproportionately harsh because we should view the instant offense as more akin to a second offense, rather than a third. Any persuasive value to this contention deteriorates when one considers that both of Capps's earlier offenses involved methamphetamine and a decade later, Capps has once again been convicted of a methamphetamine offense. As the district court observed, "[i]t was the very continuation of this conduct that Congress was attempting to reach when they made the determination that the penalty for an offense of this sort should be life imprisonment." *See also Collins*, 340 F.3d at 680 ("[T]he repeated nature of similar crimes particularly lends the matter to the enhancement provision of § 841(b) and does not warrant a finding of disproportionality under the Eighth Amendment.").

Upon declining Capps's invitation to ignore one of his two prior drug felonies, we are left with a sentencing challenge indistinguishable from others we have rejected under the Eighth Amendment. "We have repeatedly affirmed the constitutionality of life sentences under 21 U.S.C. § 841(b)(1)(A)." *Scott*, 610 F.3d at 1018 (collecting cases). Capps's efforts to align himself with the offender in *Henderson v. Norris*, 258 F.3d 706 (8th Cir. 2001), are unavailing. In *Henderson*, we reversed a mandatory minimum life sentence imposed under Arkansas law upon a defendant who had no prior drug offenses and who was convicted of selling less than a quarter gram of

crack cocaine. *Id.* at 710. *Henderson* is inapposite to the instant case because Capps has two prior felony drug convictions and was convicted of possessing with intent to distribute a significantly larger amount of a controlled substance, 138 grams of actual methamphetamine.

Capps also urges us to re-examine our Eighth Amendment caselaw in light of *Miller v. Alabama*, 567 U.S. ---, 132 S. Ct. 2455 (2012), in which the Supreme Court held that a mandatory sentence of life imprisonment without parole for juvenile homicide offenders violates the Eighth Amendment. *Miller*, however, does not offer a persuasive reason to depart from our precedent because the Court's holding was premised on the view "that children are constitutionally different from adults for purposes of sentencing." *Miller*, 132 S. Ct. at 2464. Capps was not a juvenile offender, and therefore *Miller* does not disturb the "[e]xisting circuit precedent effectively foreclos[ing]" Capps's argument that his sentence is grossly disproportionate. *Scott*, 610 F.3d at 1018; *see also United States v. Kent*, 531 F.3d 642, 657 (8th Cir. 2008).

## III.

For the foregoing reasons, we affirm.

_____