# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4015

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Vanhorn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: November 22, 2013
Filed: January 10, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Joseph A. Vanhorn was found guilty of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and 2251(e). The district court[1] sentenced him to 220 months' imprisonment. He appeals, arguing the district court misinterpreted the word

_____

[1]The Honorable Richard E. Dorr, late a United States District Court Judge for the Western District of Missouri.

"uses" in 18 U.S.C. § 2251(a), abused its discretion in sentencing him, and imposed a sentence violating the Eighth Amendment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

This court reviews de novo issues of statutory construction. ***United States v. Sutton***, 625 F.3d 526, 528 (8th Cir. 2010), *citing **United States v. Barraza***, 576 F.3d 798, 806 (8th Cir. 2009). Vanhorn argues that the district court gave an overly broad meaning to the word "uses" in 18 U.S.C. § 2251(a):

> Any person who employs, *uses*, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . . .

Vanhorn photographed the minor victim in sexually explicit positions. The "use" component is "fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography." ***United States v. Fadl***, 498 F.3d 862, 866 (8th Cir. 2007), *quoting **United States v. Sirois***, 87 F.3d 34, 41 (2d Cir. 1996). Vanhorn claims that this interpretation of the word "uses" is superseded by the Supreme Court's later analysis in *United States v. Williams*, 553 U.S. 285, 294-95 (2008).

In *Williams*, the Supreme Court examined for overbreadth a related statute, 18 U.S.C. § 2252A(a)(3)(B):

> Any person who . . . knowingly . . . advertises, promotes, presents, distributes, or solicits through the mails, or using any means or facility of interstate or foreign commerce . . . an obscene visual depiction of a minor engaging in sexually explicit conduct.

The Supreme Court concluded that the words "promotes" and "presents" should be narrowly interpreted. *Williams*, 553 U.S. at 294-95.

Vanhorn believes that the Supreme Court would similarly limit "uses" in § 2251(a). However, a year after *Williams*, this court reaffirmed *Fadl*'s interpretation of "uses": "A defendant 'uses' a minor for purposes of § 2251(a) if he photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct." **United States v. McCloud**, 590 F.3d 560, 566 (8th Cir. 2009). This panel is bound by the *McCloud* decision. **Brock v. Astrue**, 674 F.3d 1062, 1065 (8th Cir. 2012).

The district court properly interpreted the word "uses" in 18 U.S.C § 2251(a), correctly overruling Vanhorn's motion for a directed verdict.

II.

Vanhorn objects to the reasonableness of the 220-month sentence, alleging the district court did not adequately and fully consider the criteria in 18 U.S.C. § 3553.

Vanhorn does not allege a procedural error, so this court considers only the substantive reasonableness of the sentence, under an abuse-of-discretion standard. See **Gall v. United States**, 552 U.S. 38, 51 (2007). Substantive reasonableness depends on "the totality of the circumstances, including the extent of any variance from the Guidelines range." **United States v. Woodard**, 675 F.3d 1147, 1151 (8th Cir. 2012), *quoting* **United States v. Feemster**, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Substantive review is "narrow and deferential; it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." **United States v. French**, 719 F.3d 1002, 1009 (8th Cir. 2013), *quoting* **United States v. Kelley**, 652 F.3d 915, 918 (8th Cir. 2011). An abuse of discretion occurs if:

> (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment.

***United States v. Garcia***, 512 F.3d 1004, 1006 (8th Cir. 2008), *quoting **United States v. Haack***, 403 F.3d 997, 1004 (8th Cir. 2005).  The district court "need not specifically respond to every argument made by the defendant, or mechanically recite each § 3553(a) factor."  ***French***, 719 F.3d at 1007, *quoting **United States v. Struzik***, 572 F.3d 484, 487 (8th Cir. 2009).

The district court here considered the § 3553 factors and varied downward from the Guidelines range of 262 to 327 months, sentencing Vanhorn to 220 months.  The district court chose a below-Guidelines sentence due to Vanhorn's advanced age and lack of criminal history.  Addressing his medical condition, the court recommended a full physical examination and evaluation, and assignment to an institution for sex-offender treatment.  Ultimately, the court did not sentence Vanhorn to the statutory minimum because of the severity of his offense, the creation and production of child pornography that psychologically damages the minor victim.

Because the district court considered and properly weighed the relevant factors, the sentence is not substantively unreasonable.  *See **United States v. Stults***, 575 F.3d 834, 849 (8th Cir. 2009) ("[T]he district court adequately explained why it was sentencing [the defendant] *below* the applicable Guidelines range of 188 to 235 months.  Accordingly, we hold that a sentence of 144 months' imprisonment is not substantively unreasonable.").

## III.

Vanhorn asserts that his sentence is cruel and unusual punishment.  This court reviews Eighth Amendment challenges de novo.  ***United States v. Capps***, 716 F.3d 494, 498 (8th Cir. 2013).

Vanhorn's below-Guidelines sentence is 40 months above the mandatory minimum of 15 years. A sentence below the Guidelines range, but above the mandatory minimum, does not violate the Eighth Amendment. *Cf. **United States v. Montgomery***, 701 F.3d 1218, 1224 (8th Cir. 2012) (sentence at bottom of range, but above mandatory minimum, does not violate the Eighth Amendment). *See also **United States v. McDade***, 399 Fed. Appx. 520, 524-25 (11th Cir. 2010) (holding a below-Guidelines, above-statutory-minimum, 240-month sentence for violating 18 U.S.C. § 2251(a) did not meet the threshold of gross disproportionality); ***United States v. Davis***, 306 Fed. Appx. 102, 104 (5th Cir. 2009) (holding a 200-month sentence for a violation of 18 U.S.C. § 2251(a) was not "grossly disproportionate to the offense," though it exceeded the mandatory minimum by 20 months); ***United States v. Nichols***, 527 Fed. Appx. 344, 349 (6th Cir. 2013) (finding a below-Guidelines, 600-month sentence for violations of 18 U.S.C. §§ 2251 and 2252A was not grossly disproportionate to the offense).

Vanhorn's sentence is within the statutory range of "not less than 15 years nor more than 30 years." **18 U.S.C. § 2251(e)**. A sentence within the statutory range is "generally not reviewable by an appellate court." ***United States v. Collins***, 340 F.3d 672, 679 (8th Cir. 2003), *citing **United States v. Richard***, 872 F.2d 253, 255 (8th Cir. 1989). This court has never held a sentence within the statutory range to violate the Eighth Amendment. ***United States v. Neadeau***, 639 F.3d 453, 456 (8th Cir. 2011), *citing **Collins***, 340 F.3d at 680. This is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." ***United States v. Spires***, 628 F.3d 1049, 1054 (8th Cir. 2011). *See also **United States v. Patten***, 664 F.3d 247, 252 (8th Cir. 2011) (holding a 480-month sentence for violation of 18 U.S.C. §§ 2251(a) and 2252A did not violate the Eighth Amendment, though the sentence was 115 months above the high end of the Guidelines range); *cf. **United States v. Paton***, 535 F.3d 829, 837-38 (8th Cir. 2008) (holding a life sentence under 18 U.S.C. § 2251(a) for a repeat offender did not violate the Eighth Amendment).

Because nothing in the record indicates that the sentence is grossly disproportionate to his crime, Vanhorn's sentence does not violate the Eighth Amendment.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____