# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3425
_____

United States of America

*Plaintiff - Appellee*

v.

Paul McCurry, also known as Paul Wesley McCurry, also known as Paul McCurry, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: June 17, 2016
Filed: August 9, 2016
_____

Before MURPHY, BRIGHT, and SHEPHERD, Circuit Judges.
_____

BRIGHT, Circuit Judge.

Appellant-defendant Paul McCurry (McCurry) pled guilty in district court[1] to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). As a condition of his guilty plea, McCurry reserved the right to contest on

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

appeal his categorization as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The district court sentenced McCurry to the fifteen-year mandatory minimum sentence in accordance with the ACCA. McCurry argues on appeal that the district court's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because McCurry has lower intelligence. We affirm.

## I.

On March 26, 2013, McCurry and his girlfriend, M.R., argued in M.R.'s apartment. McCurry, a convicted felon, left the apartment carrying a handgun. M.R.'s sister called the police and reported the incident, noting that McCurry left the apartment with a handgun.

After leaving the apartment, McCurry hid from police in a neighbor's yard behind a grill. Police used a canine to locate McCurry and removed McCurry from behind the grill. Police then found a handgun underneath the grill. McCurry admitted to possession of the handgun and placement of the handgun underneath the grill. Police arrested McCurry.

A grand jury indicted McCurry with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). McCurry moved for a competency examination. The district court granted the motion and the Metropolitan Correctional Center (MCC) evaluated McCurry's competence. MCC concluded McCurry had "below average" cognitive skills but ultimately determined McCurry was competent in light of his ability to understand his criminal case. A magistrate judge[2] held a competency hearing where neither side presented testimony. The

---

[2]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

magistrate judge relied on the competency report and found McCurry competent to stand trial.

McCurry pled guilty pursuant to a plea agreement, but reserved the right to contest his categorization as an armed career criminal on appeal. At sentencing, the district court noted McCurry had three prior convictions for violent felonies which subjected McCurry to a fifteen-year mandatory minimum sentence under the ACCA. Despite being found competent to stand trial, McCurry argued a fifteen-year mandatory minimum sentence would constitute cruel and unusual punishment because of McCurry's lower intelligence.[3] The district court sentenced McCurry to the fifteen-year mandatory minimum. McCurry timely appealed.

II.

"We review Eighth Amendment sentencing challenges de novo." United States v. Capps, 716 F.3d 494, 498 (8th Cir. 2013). McCurry argues a fifteen-year mandatory minimum sentence constitutes cruel and unusual punishment in light of McCurry's lower cognitive abilities. We disagree.

The Eighth Amendment is not a "time-worn adage[]" or a "hollow shibboleth[]." Trop v. Dulles, 356 U.S. 86, 103, 78 S. Ct. 590, 2 L. Ed. 2d 630 (1958). Instead, the Eighth Amendment protects "vital, living principles" necessary to "limit governmental powers." Id. The Supreme Court has recognized certain situations where a sentence imposed upon a defendant violates the Eighth Amendment. Unconstitutional sentences usually involve capital punishment or life sentences

---

[3]McCurry's IQ score varied over time. According to the PSR, at age 16 McCurry scored a full-scale IQ of 55 and at age 18 scored a full-scale IQ of 78. Because McCury scored above a full-scale IQ of 70 when McCurry became an adult, McCurry did not qualify for disability services.

without parole imposed upon juveniles or the mentally disabled. See Miller v. Alabama, – U.S. –, 132 S. Ct. 2455, 2469, 183 L. Ed. 2d 407 (2012) (categorically prohibiting mandatory life sentences without parole to juveniles); Graham v. Florida, 560 U.S. 48, 82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (categorically prohibiting life sentences without parole for juvenile offenders convicted of non-homicidal offenses); Roper v. Simmons, 543 U.S. 551, 578, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (categorically prohibiting the death penalty for juvenile offenders); Atkins v. Virginia, 536 U.S. 304, 321, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) (categorically prohibiting the death penalty for persons who are mentally disabled).

But the Eighth Amendment also protects competent adults from cruel and unusual sentences. For example, in Solem v. Helm, a case originating from a state habeas petition in South Dakota, the Supreme Court affirmed the Eighth Circuit in holding a district court violated the Eighth Amendment when it sentenced a competent adult to a life sentence without parole for committing a seventh non-violent felony. 463 U.S. 277, 303, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), aff'g, 684 F.2d 582 (8th Cir. 1982).

In this case, however, the sentence imposed upon McCurry does not fall within the purview of the Eighth Amendment. McCurry does not face capital punishment or life imprisonment without the possibility of parole. McCurry is neither a juvenile nor mentally disabled. McCurry has lower intelligence, but was found competent to stand trial. Further, McCurry's sentence reflects prior convictions for violent felonies, as opposed to non-violent conduct. Under this circumstance, "the mandatory minimum sentence of fifteen years imprisonment under § 924(e) is not

cruel and unusual punishment and does not violate the Eighth Amendment." <u>See</u> <u>United States v. Yirkovsky</u>, 259 F.3d 704, 707 (8th Cir. 2001).

Affirmed.

_____