# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1535
_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Eugene Black

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: March 9, 2020
Filed: March 23, 2020
[Unpublished]
_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After admitting that he robbed a Missouri hotel, Darrell Black pleaded guilty to Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), brandishing and using a firearm during and in relation to a crime of violence, *id.* § 924(c)(1)(A)(ii), being a felon in possession of a firearm, *id.* §§ 922(g)(1), 924(a)(2), and possessing a stolen firearm,

*id.* §§ 922(j), 924(a)(2). The Sentencing Guidelines recommended that Black be sentenced to 63–78 months in prison followed by another term of 84 months in prison, *see id.* § 924(c)(1)(A)(ii), in effect making Black's Guideline range 147–162 months. Black requested a sentence within this effective range, while the government requested that Black be imprisoned for 420 months. The district court[1] sentenced Black to three consecutive terms of 78 months followed by another 84 months, for a total of 318 months' imprisonment, or nearly twice the top of the effective range.

Black argues on appeal that the sentence is substantively unreasonable. He acknowledges that the district court considered the appropriate sentencing criteria and that a sentence above the effective Guidelines range may have been appropriate. He maintains, however, that the extent of the variance above the Guidelines range was unreasonable. We review challenges to the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014). "Substantive review is narrow and deferential; it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.*

Black points out that the Guidelines already accounted for most of his extensive criminal history and for some of the aggravating circumstances of the robbery, such as his attempt to tie up a hotel clerk or his holding a gun to the back of the clerk's head, causing her serious mental trauma. We have explained, however, that matters already "taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam).

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

The Guidelines, moreover, did not account for some of Black's criminal history, such as at least one adult conviction for vehicular burglary and several unscored convictions that Black received as a juvenile. Nor did the Guidelines account for the fact that Black admitted that he was responsible for two other hotel robberies and had stolen so many purses and other items "that he could not remember them all." The Guidelines also did not account for the fact that Black's troublesome ways continued during his pretrial detention, where he incurred over twenty conduct violations, more than half of which were considered serious. We therefore cannot say that the district court abused its ample discretion in weighing Black's criminal history and behavior, especially since we have permitted district courts "to vary upward based on an underrepresented criminal history or recidivism." *United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009).

Black also contends that the district court failed to give adequate weight to personal mitigating characteristics, such as his lack of parental guidance, his joining a gang at a young age, and his failure to hold steady employment. Even assuming all of these matters are indeed mitigating, we cannot say the district court abused its discretion in weighing other considerations—such as the circumstances of the offense, Black's criminal history and behavior while in detention, and the need for deterrence—more heavily.

Affirmed.

_____