# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3275
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Howard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 15, 2020
Filed: July 1, 2020
[Unpublished]
_____

Before LOKEN, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After pleading guilty to conspiring to distribute drugs, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Daniel Howard was sentenced to six years' imprisonment and five years of supervised release. About two and a half years into

his supervised-release term, Howard's probation officer reported to the district court[1] that Howard had violated, as relevant, two conditions of his supervised release, namely, that he had committed another crime and that he had associated with someone engaged in criminal activity or convicted of a felony. His probation officer issued the report after receiving word from police officers in Kansas that Howard had been arrested for theft of property valued at more than $25,000. According to the probation officer, police reports said that Howard was involved in a scheme from October 2018 to June 2019 to steal mattresses from his employer and sell them. Howard purportedly admitted his involvement in the conspiracy to the officers and implicated others, including one Deandre Scroggins, who was serving his own term of supervised release.

At Howard's revocation hearing, he admitted that he had associated with a felon, but he disputed that he had committed any new crimes. After Howard's probation officer testified, the district court continued the hearing. When the hearing resumed the next month, Howard stipulated that the government could provide sufficient evidence that he had committed a new crime, and the district court revoked Howard's supervised release.

The Sentencing Guidelines recommended that the court sentence Howard to six to twelve months in prison. When the court stated that it was "considering greater punishment than what is recommended by the revocation table," Howard's counsel requested a sentence of six months in prison with no supervised release to follow. She emphasized that Howard's violations had occurred years into his supervised-release term, that Howard had maintained steady employment, that he had not tested positive for drugs while on release, and that he hadn't been charged with offenses involving violence, guns, or drugs. She requested in the alternative that Howard receive a nine-

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

month sentence with no additional supervised release because that's the sentence that Scroggins received.

The district court sentenced Howard to three years' imprisonment, emphasizing the serious nature of the theft conspiracy. The court explained that the reports before it showed that Howard was "significantly and consistently involved in the theft of mattresses" from his employer, which reflected a lack of respect for the law and "a lack of desire to take advantage of the opportunities" given him to be a productive member of society.

Howard challenges this sentence on appeal, arguing that it is substantively unreasonable because the court failed to consider that Howard "gave a truthful statement that revealed the identity of the codefendants, his length of time on supervision with no violations, and the defendant's employment." "We review revocation sentences under the same deferential abuse of discretion standard that we apply to initial sentencing proceedings." *United States v. Hall*, 931 F.3d 694, 696 (8th Cir. 2019). "Substantive review is narrow and deferential; it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014).

We discern no abuse of discretion here. As the district court explained, Howard got caught participating in, if not leading, a months-long conspiracy to steal property from his employer, abusing the trust that his employer had placed in him. Howard's contention that the court did not properly consider his entire record on supervised release and his employment history rings hollow since much of the time he was on release Howard was stealing from his employer. Howard also alludes in his brief to the difference between his sentence and Scroggins's sentence, but the record shows that Howard and Scroggins were not similarly situated. Police reports indicated "that Howard was, if not the leader of the conspiracy, a very high-level participant . . . who

was the only person involved in all the transactions." At no point before the district court or our court has Howard taken exception to this description.

Our court, moreover, consistently upholds revocation sentences when they are based on repeated violations of release conditions. For example, in *United States v. Larison*, 432 F.3d 921, 922–24 (8th Cir. 2006), we upheld a sixty-month revocation sentence even though the Guidelines recommended only five to eleven months in prison, pointing to the defendant's repeated violations of release conditions stemming from his apparent drug addiction. *See also United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). We cannot say that the district court abused its discretion when it gave relatively more weight to the circumstances of the offense that led to revocation than to the other sentencing considerations that Howard emphasizes. This is not the "unusual" case where we deem a district court's sentence substantively unreasonable. *See Vanhorn*, 740 F.3d at 1169.

Affirmed.

_____