# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3237

———————————————

United States of America

*Plaintiff - Appellee*

v.

Shannon R. Thomas

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: June 15, 2020
Filed: July 9, 2020
[Unpublished]

——————————

Before LOKEN, ARNOLD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Over the course of about three months, Shannon Thomas and others committed a string of armed robberies in the Kansas City area. The robberies typically involved three men storming into a business with weapons drawn and demanding cash. They often pointed guns at their victims' heads, verbally threatened them with death, and

demanded that they comply with orders. The crime spree ended when authorities confronted Thomas and his confederates immediately after a robbery when they were trying to escape. Thomas surrendered after officers fired a gun at him. One of Thomas's coconspirators was shot and killed during the encounter.

A jury convicted Thomas of a host of crimes as a result, namely, conspiracy to commit robbery, *see* 18 U.S.C. § 1951(a), ten counts of robbery, *see id.* and § 2, and one count of being a felon in possession of a firearm, *see id.* §§ 922(g)(1) and 924(a)(2). The jury also convicted him of ten counts of possessing a firearm in furtherance of a crime of violence, *see id.* §§ 924(c)(1)(A)(ii), (c)(1)(C), and 2, and since Thomas brandished a firearm, federal law required him to serve at least seven additional years (84 months) in prison for each of these ten counts. *See id.* at § 924(c)(1)(A)(ii).

The Guidelines range for Thomas's non-brandishing convictions was 87–108 months in prison. The Guidelines recommended 84 additional months in prison on each of the ten brandishing counts, *see* USSG § 2K2.4(b), effectively making the Guidelines range 927–948 months in prison. Thomas's attorney requested that the district court[1] sentence Thomas to only 71 years in prison (852 months) because Thomas never fired a gun during the robberies. The government requested that the district court sentence Thomas to 93 years in prison on all of the counts except the final brandishing count, for which the government sought a life sentence. The government emphasized that Thomas and his coconspirators had gone on a violent crime spree and that it took a shootout with police to stop them. It also noted that Thomas often placed victims on their knees, put a gun to their heads, and threatened to kill them if they didn't give him what he wanted. In addition, Thomas had a history of robberies and

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

was on parole for robbery and armed criminal action when he participated in the robberies that led to the convictions here.

The government also highlighted Thomas's reprehensible behavior toward the court and the judicial process. A psychologist who performed a pretrial evaluation of Thomas opined that he was feigning mental illness. Thomas nevertheless continued his act during the court proceedings, including at trial and sentencing, and the district court had to order his removal several times after Thomas routinely shouted gibberish, interrupted, and failed to answer questions. While in a nearby room where he could watch court proceedings, Thomas defecated and smeared his feces all about, and he threatened the court during the sentencing hearing, despite that the record appears to show that the district court exhibited great patience toward Thomas, as did all the attorneys involved, whom we commend for their efforts.

The district court sentenced Thomas to 108 months' imprisonment on the non-brandishing counts followed by consecutive 84-month sentences on nine of the ten brandishing counts. On the final brandishing count, the court sentenced Thomas to life in prison, making the total sentence 864 months' imprisonment followed by a life sentence. After explaining that it had considered all the sentencing criteria in 18 U.S.C. § 3553(a), the court emphasized that the conspiracy involved numerous robberies, that Thomas committed these robberies while on parole for robbery and armed criminal action, that Thomas was the most aggressive coconspirator, and that his behavior in the courtroom reflected a lack of remorse. The court also considered a life sentence appropriate since a coconspirator was killed and since Thomas did not surrender until police shot at him.

On appeal Thomas challenges the substantive reasonableness of his sentence. We review sentences, both inside and outside of the Guidelines range, under a deferential abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "Substantive review is narrow and deferential; it will be the

unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014).

Thomas concedes that a 948-month sentence would have been reasonable, but he maintains that a life sentence on the final brandishing count went too far and was unreasonable. He doesn't offer much support for this conclusion other than to contend that the district court gave the death of Thomas's coconspirator too much weight. But the court gave myriad reasons, beyond the coconspirator's death, why a life sentence was appropriate. And though some of these other reasons were already taken into account when calculating Thomas's Guidelines range, they could still "nevertheless form the basis of a variance." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam). Indeed, the record shows that Thomas is a violent felon who has stopped at nothing to get what he wants. We therefore cannot say that the district court abused its discretion.

Affirmed.

_____