# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3048
_____

United States of America

*Plaintiff - Appellee*

v.

Oliver Lee Thigpen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: September 20, 2021
Filed: September 27, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

PER CURIAM.

After Oliver Thigpen pleaded guilty to being a drug user in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(3), 924(a)(2), the district court[1] determined his recommended prison sentence under the Sentencing Guidelines to be 37–46 months. Thigpen moved the court to vary down and impose a sentence below the range, but the district court instead imposed a 37-month sentence. Thigpen maintains on appeal that the district court should not have relied on transcripts containing grand jury testimony in fixing his sentence and that the sentence is substantively unreasonable. We affirm.

A task force officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified at Thigpen's sentencing that he was investigating a person whom the parties call T.C. after a woman reported that T.C. had held a gun to her head. T.C. informed investigators that he obtained the gun from Thigpen and that Thigpen used illegal drugs. Officers later executed a search warrant at Thigpen's home and recovered at least four firearms, along with ammunition and drug paraphernalia.

We begin with the challenge to the court's considering, at Thigpen's sentencing, transcripts containing the grand jury testimony of T.C. and Thigpen's girlfriend. Thigpen points out that, under the Guidelines, courts may consider only evidence possessing "sufficient indicia of reliability to support its probable accuracy." *See* USSG § 6A1.3(a). He asserts that, though grand jury testimony may be sworn, it "does not necessarily mean that the testimony is reliable," most notably because such testimony is not tested through cross examination. He also contends that the testimony of these two particular witnesses should be discredited.

But "[w]e have repeatedly upheld the consideration of grand jury testimony at sentencing; it has indicia of reliability because it was given under oath and subject to

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

the penalties of perjury." *United States v. Cross*, 888 F.3d 985, 993 (8th Cir. 2018). The district court, moreover, acknowledged that this testimony might not be entitled to the same weight that "live testimony" with cross examination would receive. Further, the testimony was largely corroborated by other evidence in the record anyway, and Thigpen identifies no specific testimony that he thinks was untruthful or unreliable. We therefore cannot say that the district court erred in taking these grand jury transcripts into account.

Turning next to Thigpen's challenge to the substantive reasonableness of his sentence, he maintains that the court should have granted his motion for a downward variance and that his base offense level overstates the seriousness of his offense. He emphasizes that, unlike T.C., he did not act violently, and T.C. received a 42-month sentence. Thigpen also highlights his minimal criminal history and argues that a sentence "in the interest of rehabilitation rather than retribution" would be more appropriate.

But Thigpen disregards that the district court found certain aggravating circumstances that weighed against a downward variance. For example, Thigpen recklessly provided a gun to T.C. despite knowing that he used illegal drugs and that he was a former prisoner. Thigpen, moreover, lied to authorities when he falsely reported the gun as stolen. Thigpen also behaved poorly while on pretrial release, by, among other things, providing diluted urine samples for drug testing, failing to report for treatment, and driving while intoxicated.

The district court carefully considered the relevant sentencing criteria in 18 U.S.C. § 3553(a) and conducted a thorough, personal inquiry into Thigpen's life and offense. It carefully considered both aggravating and mitigating circumstances, such as Thigpen's modest criminal history and any potential disparity with T.C.'s sentence, and determined that a sentence at the bottom of the Guidelines range was appropriate. "Substantive review is narrow and deferential; it will be the unusual case when we

reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014). We do not think this is such a case.

Affirmed.

_____